**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAVELLE SEARCY,

    Plaintiff,

CASE NO. 09-CV-10174

DISTRICT JUDGE DENISE PAGE HOOD
v.                                       MAGISTRATE JUDGE CHARLES BINDER

OFFICER CULHANE, *et al.*,

    Defendants.
                              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.**    **REPORT**

    **A.**    **Introduction**

Plaintiff LaVelle Searcy is a state prisoner who is currently incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan. On January 15, 2009, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On January 28, 2009, Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted by Magistrate Judge R. Steven Whalen, and the following day U.S. District Judge Denise Page Hood referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.      Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that "the PLRA mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

C.     **Plaintiff's Allegations**

Plaintiff Searcy states that Defendant Shar, Inc., is a corporation that contracts with the Michigan Department of Corrections ("MDOC") to provide substance abuse treatment for the inmates at the Cooper Street Correctional Facility in Jackson, Michigan. (Compl., Doc. 1 at 6.[1]) Plaintiff avers that he was transferred to that facility on July 16, 2008, so that he could participate in the Residential Substance Abuse Treatment ("RSAT") program. (*Id.*) Plaintiff alleges that a few days after his arrival at the Cooper Street facility,

> Plaintiff was questioned by Michigan Department of Corrections employee, Officer Culhane. Officer Culhane is the Regular [sic] Unit Officer (RUO) in E-Unit. He is <u>NOT</u> an RSAT employee. Plaintiff answered Officer Culhane's questions but this Officer would not accept Plaintiff's responses and became belligerent and persisted then concluded that Plaintiff would not make it in the RSAT program.
>
> On July 22, 2008, Officer Culhane persisted, this time RSAT secretary, Ms. Parshal was present. Both Ms. Parshal and Officer Culhane appeared to be fixated on Plaintiff, watching and whispering to each other.

(Compl. at 7.) Plaintiff avers that things became more and more "uncomfortable," to the point that Plaintiff consulted with the Mental Health Department and spoke with his "primary counselor" about the issue. (*Id.*) Plaintiff claims that soon thereafter, Officer Culhane and "C.A.C. Hodges" began conspiring to have Plaintiff terminated from the RSAT program. (*Id.*) On July 30, 2008, Officer Culhane charged Plaintiff with misconduct. Plaintiff states that Officer Culhane "knew that two (2) misconducts would result in a termination from the RSAT program." (*Id.* at 8.) Plaintiff was found guilty of the misconduct charge by A/RUM Morgel, "despite the evidence." (*Id.*)

Plaintiff avers that in early August 2008, Officers Culhane, Martin, and Hodges "attempted to harass Plaintiff" by accusing him of disrupting a meeting and being out of place. (*Id.* at 9.) Plaintiff was subsequently told that he would no longer be able to participate in "morning meeting motivation," which was part of the program. When another officer, Assistant ARUS Skinner, returned from leave, she told

---

[1]All cites to document pages refer to the page numbers associated with the Court's electronic case filing system.

3

Plaintiff that "all she has heard was negative things about me." (*Id.*) Plaintiff states that he eventually took his complaints to Assistant Deputy Warden ("ADW") Macabe, but got no relief. Plaintiff also was seen by a psychologist during this time, who wrote a report concluding that Plaintiff was experiencing significant stress and anxiety, not coping well, and should "consult with the RSAT counselor and consider a decision of withdrawing from the program . . . ." (*Id.* at 10.) Plaintiff asserts that, at that point, he should have been "discharged" from the program "for mental health reasons," since he only had one misconduct ticket at the time. (*Id.*)

Approximately two weeks later, however, Plaintiff received his second misconduct ticket. He admits that he was guilty of the offense. (*Id.*) On August 28, 2008, Plaintiff gave some legal mail to ARUS Skinner to take to the mail room, and he "believes that ARUS Skinner opened his mail and read the contents" because she "may have believed that this mail was another complaint about RSAT and the MDOC employees." (*Id.* at 11.)

On September 4, 2008, a panel was convened to hold a hearing on whether Plaintiff would remain in the program. The panel consisted of officers Ashwood, Skinner, and Bobzien. (*Id.*) Plaintiff claims they were all biased against him. The following day, Plaintiff was notified that he was terminated from the program, and three days later he was transferred to another facility several hundred miles away.

Plaintiff brought this civil rights suit against the following defendants: Officer Culhane; Shar, Incorporated; RSAT Secretary Parshall; ADW Rice; RUM Morgel; ARUM Skinner; RSAT Program Coordinator Ashwood; Officer Martin; RSAT Counselor Bobzien; RSAT Counselor Hodges; and ADW Macabe.

Plaintiff claims that the removal from the program violated his due process rights. (*Id.*) Contradictorily, Plaintiff also states that he voluntarily "signed out of the RSAT program on August 26, 2008, weeks after the Psychologist report." (*Id.* at 12.) Plaintiff also claims that

> these defendants deliberately conspired to have Plaintiff terminated from the RSAT program and because of initial reasons Plaintiff truly never understood, but these secondary reasons for complaining and filing grievances against staff. These Defendants, all

4

>Defendants named herein are in violation of the 1st & 14th Amendment, (Due Process of Law), and Retaliation.

(*Id.* at 12.)  Plaintiff seeks compensatory and punitive damages, expungement from his record of the decision to remove him from the program, and an order requiring the MDOC to perform a mental health assessment on a participant before determining whether they are eligible to participate in the RSAT program. (*Id.*)

### D.     Discussion

#### 1.     Official Capacity Claims

The complaint states that each defendant is being sued in both their individual and official capacities. (Compl., Doc. 1 at 2-3.)  A suit against a state official in his or her official capacity brought under 42 U.S.C. § 1983 is barred by the Eleventh Amendment because such an action is, in fact, a suit against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  "As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, nor a state official sued in his official capacity is a 'person' who is subject to suit under § 1983." *Massingill v. Ohio Adult Parole Authority*, 28 Fed. Appx. 510, 511 (6th Cir. 2002) (holding that motion to amend complaint to add state officials in their official capacities as defendants was properly denied because it would not have withstood a Rule 12(b)(6) motion to dismiss). *See also Watson v. Baxter*, No. 01-5971, 2002 WL 475263 (6th Cir. March 27, 2002) (unpublished) (affirming district court's *sua sponte* dismissal pursuant to Prison Litigation Reform Act's screening provision of complaint seeking monetary and punitive damages against a state official in his official capacity).

Accordingly, I suggest that Plaintiff's official capacity claims should be *sua sponte* dismissed for failure to state a claim because they are barred by the Eleventh Amendment.

5

**2.      Individual Capacity Claims**

A civil rights case under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

In this case there is no doubt that Defendants were acting under color of state law. The question is whether Plaintiff has alleged the deprivation of a right secured by federal law. Plaintiff claims that his Fourteenth Amendment right to due process was violated. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486.

Here, I suggest that Plaintiff's due process claim regarding his removal from the substance abuse treatment program fails to implicate a liberty interest because he had no right to participate in such a program in the first place. *See Moody v. Doggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (prisoner eligibility for rehabilitation program is not subject to "due process" protection); *Smith v. Follette*, 445 F.2d 955, 961 (2d Cir. 1971) ("The claim to a constitutional right to treatment for narcotics addiction has no basis in either the provisions of the Constitution or the decisions of the courts, and we need not give it serious consideration."); *Groppi v. Bosco*, 208 Fed. App'x 113, 115 (3d Cir. 2006). Without a protected liberty interest, Plaintiff cannot successfully claim that his due process rights were violated because "process is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct.

1741, 75 L. Ed. 2d 813 (1983). Accordingly, I suggest that Plaintiff has failed to state a due process claim upon which relief can be granted.

Plaintiff additionally claims that defendants violated his First Amendment rights when they retaliated against him for filing grievances by removing him from the program. I suggest, however, that because Plaintiff's complaint clearly acknowledges the rule that a prisoner will be removed from the program for two misconducts, and Plaintiff also admits that he was found guilty of two misconduct charges, he has failed to state a claim of retaliation because he cannot demonstrate the "nexus" element of a retaliation claim – that the removal was motivated by the writing of grievances. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff also claims that on several occasions he was "harassed" by one or more defendants. Allegations of harassment, verbal abuse, threats, embarrassment, or defamation by a corrections officer, however, are not cognizable under 42 U.S.C. § 1983. *Ivey v. Wilson*, 832 F.2d at 955; *Gaut v. Sunn*, 810 F.2d 923 (9th Cir. 1987); *Burton v. Livingston*, 790 F.2d 97 (8th Cir. 1986); *Freeman v. Trudell*, 497 F. Supp. 481, 482 (E.D. Mich. 1980).

Likewise, I suggest that Plaintiff has failed to state a claim against Defendant Skinner by stating his "belief" that she "may have" opened one piece of legal mail. Even disregarding the speculative nature of his allegations, an isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974). Accordingly, I suggest that Plaintiff's legal mail claim is subject to dismissal for failure to state a claim upon which relief may be granted.

Finally, to the extent that Plaintiff claims that defendants conspired to remove him from the program, I likewise suggest that Plaintiff has failed to state a claim. "[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th

7

Cir. 1987). Therefore, when proceeding under 42 U.S.C. § 1983 for civil conspiracy, a plaintiff must make some allegation of coordinated actions between the alleged conspirators. *See Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996). He has failed to do so here. Conclusory, vague accusations that do not describe some "meeting of the minds" cannot state a claim for relief under 42 U.S.C. § 1983.

Accordingly, I suggest that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: February 11, 2009                    United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Lavelle Searcy, #195469, at Hiawatha Correctional Facility, 4533 W. Industrial Park Dr., Kincheloe, MI, 49786-1638, and served on District Judge Hood in the traditional manner.


Date:  February 11, 2009                By     s/Jean L. Broucek
                                                            Case Manager to Magistrate Judge Binder