UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaVelle Searcy,

       Plaintiff,                                 CASE NO. 09-CV-10174
                                                           The Hon. DENISE PAGE HOOD

v.

Officer Culhane, *et al.*,

       Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Charles Binder's Report and Recommendation ("R&R") **[Docket No. 5]**. The R&R was filed on February 11, 2009 and recommends a *sua sponte* dismissal for failure to state a claim upon which relief may be granted. To date, neither party has filed an objection and the time to do so has expired.

Also before the Court is Plaintiff's motion for enlargement of time **[Docket No. 6, filed Feb. 20, 2009]** and Plaintiff's Motion to Amend Complaint **[Docket No. 8, filed March 9, 2009]**.

**II.    STANDARDS OF REVIEW**

    **A.    *Pro Se* Litigants**

When reviewing *pro se* complaints, this Court must employ a less stringent standard than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). But "leniency granted to pro se petitioners. . .is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* plaintiffs are "not automatically entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th

Cir.1996) (internal quotations omitted).

### B.    Report and Recommendation

The standard of review when examining a Magistrate's Report and Recommendation is set forth in 28 U.S.C. § 636(b)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### C.    Rule 12(b)(6) Standard of Review

A defendant may move to dismiss, under Fed. R. Civ. P. Rule 12(b)(6), for a failure to state a claim upon which relief can be granted. The purpose of the motion is to test the adequacy of the plaintiff's claims. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). Under Rule 12(b)(6), the Court assumes the truthfulness of the Complaint's factual allegations when evaluating the propriety of the dismissal. *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp. 2d 575, 577 (E.D. Mich. 1999). Construing the complaint in the light most favorable to the plaintiff, the Court determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

## III.    LAW & ANALYSIS

### A.    Report and Recommendation

Magistrate Judge Binder's Report and Recommendation provided several meritorious reasons for the *sua sponte* dismissal of the Complaint. First, Magistrate Judge Binder correctly concluded that the Plaintiff's claims would be barred under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Plaintiff's individual capacity claims must also fail. First, Plaintiff failed to show that his due process rights were violated by not implicating a protected property or liberty interest that he was deprived of without due process of law. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Plaintiff's claim regarding his removal from the drug treatment program also fails to implicate any liberty interest because, as Plaintiff admits in his proposed amended complaint, he had no right to participate in the treatment program. *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976).

Second, Plaintiff's First Amendment claims, regarding grievances he filed after being removed from the drug treatment program, fail to meet the "nexus" element of a retaliation claim. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc).

Third, any claim regarding Plaintiff's "belief" that prison officials "may have" opened a piece of his mail does not rise to the level of a § 1983 claim. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

Fourth, with regard to Plaintiff's conspiracy claims, he has failed to plead the allegation with the necessary degree of specificity to support a conspiracy claim under § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (pleadings that allege conspiracy containing "vague and conclusory allegations unsupported by material facts will not be sufficient to state" claims under § 1983.). Accordingly, Magistrate Judge Binder properly recommended that the case be dismissed for failure to state a claim.

    **B.**  **Plaintiff's Motion for Enlargement of Time & Motion to Amend the Complaint**

In lieu of filing an objection to the R&R, Plaintiff filed a motion on Feb 20, 2009 seeking an enlargement of time to respond to the Magistrate's R&R. **[Docket No. 6].** Additionally, the

Plaintiff sought leave of the Court to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) on a motion filed March 9, 2009.**[Docket No. 8]**.

Generally, when an act must be completed within a specified time period, a court may extend the time if a request is made. Fed. R. Civ. P. Rule 6(b)(1)(A). However, it is within the Court's discretion and "any extension of a time limitation must be for 'cause shown.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 895-96, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990); *see also Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Refusing to allow a *pro se* litigant extra time to conduct research and file a motion is not an abuse of discretion. *U.S. v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998). Accordingly, the Court rejects Plaintiff's requests for an additional ninety (90) days to file objections to the R&R.

The Court also denies Plaintiff's request to amend the Complaint because the proposed complaint fails to assert any additional grounds which would stave off summary disposition. Plaintiff's proposed amended complaint lists all original defendants and reasserts his allegations in greater detail. (Pl. Mot. to Amend.) Therefore, the February 11, 2009 R&R applies with equal force to Plaintiff's proposed amended complaint, which also fails to state a claim on which relief can be granted. A proposed amendment will be "futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### IV.   CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Charles Binder **[Docket No. 5]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions

of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time **[Docket No. 6]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend **[Docket No. 8, filed March 9, 2009]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed Jan. 15, 2009]** is **DISMISSED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  June 29, 2009

    I hereby certify that a copy of the foregoing document was served upon Lavelle Searcy, Reg. No. 195469, Hiawatha Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786 and counsel of record on June 29, 2009, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager